UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY KAY KEUMURIAN<br><br>   Plaintiff<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br><br>   Defendant | **COMPLAINT<br>AND JURY DEMAND** |

## NATURE OF THE CASE

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Defendant Equifax, a consumer reporting agency, falsely reported a judgment on the consumer credit report of plaintiff Mary Kay Keumurian, and despite being provided proof that the judgment was vacated after it was issued in error, persisted in refusing to remove it, causing her damages.

## FEDERAL JURISDICTION

2. The Court has jurisdiction over this case pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681p and pursuant to Court's federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Mary Kay Keumurian is a natural person residing in Weymouth, Massachusetts.

5. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company with principal offices located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax regularly conducts business in Massachusetts and has offices located at 200 Unicorn Park Drive, Suite 4, Woburn, Massachusetts 01801. Equifax is a consumer reporting agency that reports information on people's consumer reports, commonly called credit reports.

## COMMON FACTS

6. Keumurian lives in Weymouth, Norfolk County, Massachusetts. She is employed as a bank financial center operational manager.

7. Target National Bank ("Target") filed a collection action against Keumurian in the Quincy District Court in June 2009, case no. 0956CV002044.

8. Keumurian then filed for bankruptcy under Chapter 7 of the bankruptcy code in the U.S. Bankruptcy Court for the District of Massachusetts, case no. 09-19298. In her bankruptcy filing, Keumurian listed the account with Target on her list of creditors.

9. Target's collection action was automatically stayed by operation of law when Keumurian filed for bankruptcy. *See* 11 U.S.C. § 362(a)(1).

10. The court entered a judgment anyway, however, on October 9, 2009.

11. Keumurian was unaware of the judgment for over four years until around February 2014 when she applied for a mortgage. The loan officer at the bank to which she applied informed her about the judgment from Target and told her it would prevent her from obtaining a mortgage.

12. After confirming with her bankruptcy attorney that the account had been listed on her bankruptcy petition, she contacted the collection law firm who represented Target in the collection action.

13. The law firm, the Law Offices of Howard Lee Schiff, P.C., then filed a motion to vacate the judgment and dismiss the action in March 2014, which was promptly allowed by the Court on March 14, 2014.

14. Keumurian then obtained five copies of the certified judgment of dismissal from Quincy District Court.

15. In or around June 2014, Keumurian submitted disputes to three credit bureaus, defendant Equifax, as well as TransUnion and Experian.

16. TransUnion and Experian promptly deleted the judgment from Keumurian's credit report.

17. Equifax, however, refused to delete the judgment after Keumurian's June 2014 dispute.

18. Keumurian then submitted additional disputes to Equifax on June 17, July 14, and July 15 of 2014. In the course of these disputes, Keumurian called Equifax, who told her to fax a copy of the judgment of dismissal. In accordance with these instructions, Keumurian faxed the dismissal to Equifax at (800) 826-0573 on July 15,

2014. Keumurian even called Equifax and received confirmation that the dismissal was successfully transmitted and received.

19. Nevertheless, Equifax continued to refuse to remove the account. In separate communications on July 17, 2014 and July 18, 2014, Equifax notified Keumurian that it would not delete the accounts.

20. The negative accounts continued to be reported. On information and belief, creditors reviewed Keumurian's credit report and she was denied credit due to the reporting of the erroneous judgment.

21. Eventually, after engaging counsel to submit an additional dispute, Equifax finally removed the judgment from Keumurian's credit report, but not before Equifax had caused damage to her.

22. As a result of Equifax's failure or refusal to remove the Target judgment from her consumer report, Keumurian suffered damage including, without limitation, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress, worry, fear, frustration, embarrassment, and humiliation.

## COUNT I
**Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.***

23. The preceding paragraphs are incorporated by reference.

24. Equifax is a "person" and a "consumer reporting agency" as defined at 15 U.S.C. §§ 1681a(b) and (f).

25. Keumurian is a "consumer" as defined at 15 U.S.C. § 1681a(c).

26. Equifax failed to comply with the requirements of the Fair Credit Reporting Act, including, but not limited to:

   a. Failing to follow reasonable procedures to assure maximum accuracy of the information in consumer reports, in violation of 15 U.S.C. § 1681e(b); and

   b. Failing to comply with the reinvestigation requirements in violation of 15 U.S.C. § 1681i(a).

27. As a result of Equifax's conduct, Keumurian suffered damage including, without limitation, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress, worry, fear, frustration, embarrassment, and humiliation.

28. Equifax's conduct was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n.

29. In the alternative, Equifax's conduct was negligent, rendering it liable under 15 U.S.C. 1681o.

30. Keumurian is entitled to costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### REQUEST FOR RELIEF

WHEREFORE, plaintiff requests judgment in her favor and against Equifax, statutory damages, actual and punitive damages, attorney fees, and costs.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

>
> Respectfully submitted,
>
> Plaintiff,
> Mary Kay Keumurian,
> By counsel,
>
> /s/ *Josef C. Culik*
> Josef C. Culik (BBO #672665)
> CULIK LAW PC
> 18 Commerce Way, Suite 2850
> Woburn, Massachusetts 01801
> (617) 830-1795
> (617) 830-1576 Fax
> jculik@culiklaw.com

February 23, 2015